UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **EDDIE F. ARMSTRONG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-808** |
| **RONAL SERPAS AND<br>LESTER C. MARSHALL** | **SECTION "A"(3)** |

REPORT AND RECOMMENDATION

Plaintiff, Eddie F. Armstrong, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Ronal Serpas, the former Superintendent of the New Orleans Police Department, and Lester C. Marshall, a New Orleans Police Officer. In the complaint, plaintiff claims that Marshall used excessive force when he arrested the plaintiff on February 12, 2013, for simple burglary.[1] Pursuant to 28 U.S.C. § 1406, the United States District Court for the Western District of Louisiana transferred the plaintiff's lawsuit to the United States District Court for the Eastern District of Louisiana, the district in which the alleged cause of action arose.[2] This matter has been referred to the undersigned United States Magistrate Judge for the preparation of a report and recommendation.

I. Motion to Dismiss

---

[1] Rec. Doc. 1. Plaintiff also asserts that defendants violated multiple state criminal statutes; however, those claims are not properly before this Court. Those allegations, even if true, implicate no federally protected right and it is not the district court's place to consider violations of state criminal statutes.

[2] Rec. Doc. 9.

On May 15, 2015, defendant, Lester C. Marshall, filed a Rule 12(b)(6) Motion to Dismiss seeking dismissal of plaintiff's complaint as prescribed.[3] Plaintiff has opposed that motion.[4]

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the Bell standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. Id. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3rd Cir. 1990).

---

[3] Rec. Doc. 16. Ronal Serpas has not been served and, thus, did not join in the motion.

[4] Rec. Doc. 21.

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir.2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir.2000)).

Further, the Fifth Circuit has held that, when reviewing *pro se* complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. Howard v. King, 707 F.2d 215 (5th Cir. 1983); see also, Haines v. Kerner, 404 U.S. 519 (1972). In Taylor v. Gibson, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

Taylor v. Gibson, 529 F.2d 709, 713-14 (5th Cir. 1976); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976). Although *pro se* plaintiffs are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Murungi v. Texas Guaranteed, 693 F.Supp. 2d 597, 602 (E.D. La. 2010) (citing Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002)).

Rule 12(b)(6) is the proper vehicle to seek dismissal for a prescribed claim. Watermeier v. Continental Oil Co., 818 F.Supp. 929, 931 (E.D. La. 1993) (Clement, J.). "A statute of limitations

may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for the tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003). Defendant asserts that the dismissal is appropriate on the basis of prescription, because plaintiff's § 1983 claim is subject to a prescription period of one year, which began to accrue on the day he was arrested. Because the plaintiff waited over a year from the date of his arrest, defendant argues that plaintiff's claim has prescribed on its face, and that dismissal of the claim is warranted.

The defendant correctly notes that the applicable statute of limitations in this case is one year. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993)). Louisiana Civil Code Article 3942, providing a prescriptive period of one year for delictual actions, has been applied by the Fifth Circuit "as the pertinent statute of limitations for § 1983 actions." Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989) (citing Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988)); see also Jacobsen, 133 F.3d at 319.

Plaintiff argues that his claim has not prescribed because he did not have the opportunity to know or even have reason to know of the injury because he was still under the doctor's care and receiving medication for his injuries.[5] Although broadly construing plaintiff's claims,[6] the Court

---

[5] Rec. Doc. 21.

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

nevertheless finds plaintiff's argument is without merit.

The defendant correctly notes that the limitations period for plaintiff's excessive force claims commenced on February 12, 2013, when the force was used and when plaintiff knew or had reason to know he was injured. Price v. City of San Antonio, Texas, 431 F.3d 890, 893-94 (5th Cir. 2005); see also Aduddle v. Body, 277 F.App'x 459, 461 (5th Cir. 2008); Everson v. N.O.P.D. Officers, Civ. Action No. 07-7027, 2009 WL 122759, at *2 n. 2 (E.D. La. Jan. 15, 2009).  Because a cause of action under § 1983 accrues at the time when the plaintiff knows of the injury which serves as the basis of his action, in § 1983 claims based on the use of excessive force during an arrest, the limitations period begins to run on the date the of the plaintiff's arrest. See Humphreys v. City of Ganado, Tex., 467 F.App'x 252, 255 (5th Cir. 2012); Simms v. Harris, Civ. Action No. 08-4136, 2009 WL 1607906, at *7 (E.D. La. June 2, 2009) (Engelhardt, J.) (finding that the one-year statute of limitations for the plaintiff's § 1983 claim for excessive force began to accrue on the day he was arrested and allegedly subjected to the excessive force).

Under the federal "mailbox rule," an inmate's *pro se* complaint is considered to have been "filed" when it is presented to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995).  Because plaintiff's complaint was signed and dated on January 23, 2015, that is the earliest date it could have been given to prison officials and considered "filed" for purposes of prescription.

Accordingly, the plaintiff was aware of the injuries which form the basis of his complaint at the time of his arrest and therefore, the one-year statute of limitations began to accrue on February 12, 2013, and plaintiff's claim prescribed as of February 12, 2014.  Plaintiff apparently took no

action to file a complaint against the defendants until January 23, 2015, almost two years after the incident he complains of, and almost one year from the date his claim for excessive force prescribed. As such, unless the statute of limitations was tolled for some reason, it is clear that plaintiff's claim was prescribed on its face at the time it was filed.

In addition to applying the forum state's statute of limitations period, federal courts must also give effect to any applicable tolling provision provided by state law. Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th Cir. 1993). Louisiana law recognizes the principle of *contra non valentem agere nulla currit praescriptio* ("*contra non valentem*")–prescription does not run against a party who is unable to act. E.g., Wimberly v. Gatch, 635 So.2d 206, 211 (La. 1994); Corsey v. State Through Dep't of Corr., 375 So.2d 1319, 1321 (La. 1979). *Contra non valentem* tolls prescription in four situations:

> (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
>
> (2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
>
> (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
>
> (4) Where some cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the

defendant.

Wimberly, 635 So.2d at 211; accord Burge, 966 F.2d at 788. "The doctrine of *contra non valentem* recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff [was] unable to exercise or was lulled into not exercising a cause of action when it first became exigible." Pracht v. City of Shreveport, 830 So.2d 546, 551 (La. App. 2 Cir. 10/30/02).

Plaintiff opposes the motion contending that his complaint is timely because the Orleans Parish Prison, where plaintiff was previously incarcerated, and the Winn Correctional Center, where plaintiff is currently incarcerated, failed to provide him with sufficient legal assistance.[7] Accepting the plaintiff's characterizations as true, the Court finds the doctrine of *contra non valentem* inapplicable.

The mere fact of imprisonment does not suspend the prescription period. McGuire v. Larpenter, Civ. Action No. 14-30498, 2014 WL 6440383, at *2 (5th Cir. Nov. 18, 2014) (citing Jackson v. Jefferson Parish Clerk of Court, 981 So.2d 156, 161 (La. App. 5 Cir. 4/15/08)). The *contra non valentem* scenario most analogous to plaintiff's situation is that in which the debtor, or defendant, has done something to prevent the creditor, or plaintiff, from pursuing his cause of action. See La. Civ. Code art. 1756 cmt. (c) ("The terms 'obligor', synonymous with debtor, and 'obligee', synonymous with creditor, have accordingly been preserved."). Yet, this exception is limited to cases in which the defendant *himself* prevents the plaintiff from filing suit. See, e.g., Vinzant v. United States, 458 F.App'x 329, 332 (5th Cir. 2012) (holding the petitioner did not satisfy *contra non valentem* exception by alleging third parties prevented him from suing the defendants); Harris

[7] Rec. Doc. 21.

v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (defining the relevant *contra non valentem* exception as applicable "when the *defendant* prevents the plaintiff from bringing suit" (emphasis added)); Wimberly v. Gatch, 635 So.2d 206, 211 (La. 1994) ("The third category applies to cases where the *defendant* engages in conduct which prevents plaintiff from availing himself of his judicial remedies." (emphasis added)). Because defendant in plaintiff's case is the individual police officer who arrested him and the actors who allegedly prevented plaintiff from filing suit are various prison officials, *contra non valentem* does not apply, and plaintiff's claims are prescribed. See McGuire, 2014 WL 6440383 at *3 n. 1 (noting the limited scope of *contra non valentem* and recognizing that federal courts are "powerless to adopt a rule contrary to Louisiana case law.").

## II. Mandated Screening

As previously noted, Ronal Serpas has not been served[8] and thus, did not join in the motion. However, in any event, the court should dismiss plaintiff's claims against Serpas pursuant to the screening process mandated by federal law.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[9] Regarding such lawsuits, federal law further requires:

---

[8] Rec. Doc. 12.

[9] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

8

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal-
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker

9

v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

For the same reasons as set forth above, with respect to the claim against Marshall, the related claims against Serpas are likewise prescribed.[10] Prescribed claims are properly dismissed

---

[10] In addition to being prescribed, the Court notes that plaintiff's claims against Serpas additionally fail for the following reasons. To the extent plaintiff intended to state individual capacity claims against Ronald Serpas, he clearly has not done so. Plaintiff makes no allegations whatsoever that Serpas was personally involved. Moreover, Serpas cannot be held vicariously liable for actions of Marshall pursuant to 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").

Plaintiff also has not stated official-capacity claims against Serpas. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, official-capacity claims against these defendants would in reality be claims against the local governmental entity they serve. The United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

as frivolous. See, e.g., Brown v. Pool, 79 F.App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008). Therefore, plaintiff's claims against Serpas should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Lester C. Marshall's Motion to Dismiss (Rec. 16) be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the claims against Ronal Serpas be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

---

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F.App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F.App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465 at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom.

11

1430 (5th Cir. 1996) (en banc).[5]

       New Orleans, Louisiana, this 3rd day of August, 2015.

                                                      **DANIEL E. KNOWLES, III**
                                                      **UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.